07wf17092a-ord(Direnfeld).wpd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRUCE TERAOKA,** | ) | Case No. 1:07-WF-17092 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LINCOLN ELECTRIC CO., et al.,** | ) | |
| | ) | **Judge Kathleen O'Malley** |
| **Defendant** | ) | |
| | ) | |
| | ) | **MEMORANDUM & ORDER** |
| | ) | |

For the reasons and pursuant to the terms stated below, defendants' motion to strike Dr. Direnfeld as an expert (docket no. 47) is **conditionally DENIED, without prejudice.**

\* \* \* \* \*

Dr. Lorne Direnfeld twice examined welder-plaintiff Teraoka in connection with Teraoka's claim for worker's compensation benefits. Dr. Direnfeld issued several reports totaling over 100 pages, and concluded Teraoka suffers from neurological injury caused by exposure to manganese in welding fumes. Because of the nature of Dr. Direnfeld's opinions, Teraoka has identified Dr. Direnfeld as an expert witness, although Teraoka has not actually retained him as a testifying or consulting expert.

As has been their practice in this MDL, the parties have worked together to schedule depositions in this case. Accordingly, defendants asked plaintiff's counsel to arrange for deposition times for Dr.

Direnfeld, and to convey his terms. Counsel reported back to defendants that Dr. Direnfeld would: (1) make himself available for a two-hour deposition, and no more; and (2) charge either (a) $3,333, if four or fewer attorneys attended, with no videographer (including $2,000 for preparation time); or (b) $13,333, for an unlimited number of attorneys and a videographer to attend (including the same preparation time).1

Defendants assert Dr. Direnfeld's terms are unreasonable, both in terms of time limit and expense. Regarding time, defendants cite to Fed. R. Civ. P. 30(d)(1), which states that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Defendants also assert Dr. Direnfeld's "demand for [over] $13,000 for a two-hour deposition [is] an outrageous request by any reasonable metric." Reply at 1.

In response, Teraoka does not make any attempt to defend Dr. Direnfeld's expense request. With regard to time, Teraoka notes that: (1) Dr. Direnfeld is not plaintiff's *retained* expert – he is more of an independent fact witness, even if some of his testimony includes expert opinions favorable to plaintiff; and (2) he is, thus, more akin to a treating physician than an expert, and the Court has historically allowed defendants less than four hours for deposition of treating physicians.

Teraoka's arguments are unavailing. While Dr. Direnfeld may not be a retained expert who must issue a report before being deposed, he is still offering expert opinion, as Teraoka concedes. Dr. Direnfeld is not simply offering the observations of a treating physician. Further, defendants are clearly correct in their view that Dr. Direnfeld's terms are unreasonable. Accordingly, the Court rules as follows.

If Teraoka intends to elicit expert opinions from Dr. Direnfeld at trial, he must be made available

---

[1] Dr. Direnfeld disclosed his second option only after learning the deposition would be videotaped and that multiple attorneys, representing each of the various defendants, would attend – perhaps not understanding that videotaping of testimony and attendance by attorneys for each party is the norm in multi-party lawsuits.

for a standard seven-hour discovery deposition at a reasonable rate, not to exceed $950 per hour.[2]  If instead Teraoka intends to call Dr. Direnfeld as simply a fact witness – in which case his testimony will be limited accordingly – and if Dr. Direnfeld refuses to appear voluntarily for a discovery deposition pursuant to terms agreeable to defendants, then defendants must issue a subpoena.  Either the issuing court or this Court can then address the propriety of his compensation request and any time limitations.[3]

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**DATED**: August 22, 2011

---

[2]  The Court uses this rate because it is the same as that charged by defense expert Dr. Anthony Lang, who is among defendants' most expensive experts.  Further, Dr. Direnfeld may not charge for more than seven hours of preparation time.  While plaintiff may choose to supplement defendants' payments to ensure Dr. Direnfeld's appearance as an expert, to the extent plaintiff does so, defendants will be permitted to make that fact known to the jury.

[3]  *See Trial Template Order* (master docket no. 2389) at 45 (discussing whether it is the issuing court or the MDL Court that enforces foreign subpoenae related to an MDL case).  This Court believes the fee Dr. Direnfeld would be allowed to charge as a fact witness would be substantially lower than $950/hour.

3